WORCESTER BANK & TRUST CO. AND FREDERICK J. FESSENDEN, ADMINISTRATORS, ESTATE OF HERBERT N. WRIGHT, DECEASED, SUCCESSORS TO MRS. EDITH A. WRIGHT, DECEASED, AND GEORGE M. WRIGHT, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14230. Promulgated September 28, 1928.

*Harry Friedman, Esq.*, for the petitioners.
*W. F. Wattles, Esq.*, for the respondent.

632

OPINION.

SMITH: The only question for our determination is whether the decedent, Herbert N. Wright, sustained deductible losses in the years 1920 and 1921 on account of his investments during those years in the stock of the New Jersey Oil & Gas Fields, Inc.

The petitioners contend that the stock in question was worthless when acquired by the decedent and that the decedent's total investments therein were losses at and from the time when made.

Section 214(a)(5) of the Revenue Acts of 1918 and 1921 provides for the deduction of:

Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

Under this provision of the statutes the deductions sought by the petitioners are allowable if the stock of the New Jersey Oil & Gas Fields, Inc., was purchased by the decedent in the taxable years 1920 and 1921 as a business investment and was worthless at the close of those years. *A. L. Huey*, 4 B. T. A. 370; *J. T. M. Johnston*, 9 B. T. A. 325.

It is not contended that the transactions were not business transactions or that they were not entered into for profit. The comparatively large amounts and the character of the investments bear out the assumption that they were. The stipulation submitted by the parties in this proceeding refers to the purchase of the stock as an "investment." There is nothing in the record to indicate that the transactions were of any other nature than investments for profit.

The evidence leaves no doubt in our minds that the stock in question was entirely worthless at the close of the years 1920 and 1921 and that in fact it never had any real value. We do not believe that any reasonably prudent man would have paid anything of value for the stock. The question of the market value of stock of this character at any given time can not be determined upon the basis of one or more isolated transactions in which it was purchased by an unwary investor. The fact that the decedent here purchased the stock in question during both the years 1920 and 1921 certainly does not of itself establish any market value as of those years.

The decedent purchased the stock not from the corporation itself but from an individual who had acquired it at only a fractional part of its par value and of the price paid for it by the decedent. At that time the corporation had no capital or any other property whatsoever except the oil leases, which were apparently of no value. The purchase money paid by the decedent did not go into the treasury of the corporation. The testimony of the state geologist of the State of New Jersey shows that there was at that time no reasonable likelihood of the existence of oil in commercial quantities anywhere within the State and that many wells had been drilled in different sections of the State without any proof of oil having been discovered. These facts were readily ascertainable at that time. All of the evidence before us indicates that at no time from the date of its organization was there any reasonable expectation that the New Jersey Oil & Gas Fields, Inc., would ever engage in the production of oil or any other profitable business. It had no working capital and no apparent means of obtaining any.

From the evidence before us we are convinced that the stock purchased by the decedent in both the years 1920 and 1921 was worthless at the time when purchased and at the close of those years and that the decedent's investments in the stock were total losses in those years.

*Judgment will be entered under Rule 50.*